# EXHIBIT A

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RODNEY TUMBLESTON,
    Plaintiff,

v.                                    CASE NO.: 8:18–cv–00291–T-35AAS

J.P. SERVICES OF SARASOTA, LLC., a
Florida Limited Liability Company,

    Defendant.
_____/

## FLSA SETTLEMENT AGREEMENT

This FLSA Settlement Agreement (hereinafter the "Agreement"), is entered into by and between Rodney Tumbleston, on behalf of himself, his heirs, executors, administrators, legal representatives and assigns (hereinafter referred to collectively as "Plaintiff"); J.P. Services of Sarasota, LLC (hereinafter referred to as "Defendant"), and its respective affiliates, predecessors, heirs, successors, parents, subsidiaries, assigns, insurers, and each and every one of its respective owners, shareholders, members, servants, officers, directors, employees, agents, principals, representatives, beneficiaries, alter egos. Throughout this Agreement, Plaintiff and Defendant shall collectively be referred to as the "Parties."

WHEREAS, Plaintiff has alleged that he is entitled to unpaid wages by Defendant and has filed a lawsuit in the United States District Court for the Middle District of Florida, Tampa Division, *Rodney Tumbleston, v. J.P. Services of Sarasota, LLC, a Florida Limited Liability Company, individually; Case No. 8:18-CV-00290-T-35CPT* (the "Litigation");

WHEREAS, Defendant has denied all allegations raised by Plaintiff in the Litigation;

1

WHEREAS, the Parties wish to settle Plaintiff's unpaid wages claim and all other claims Plaintiff may have against Defendant, including attorneys' fees and costs;

NOW WHEREFORE, in consideration of the promises and mutual covenants herein contained, along with other good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties hereto agree as follows:

1. <u>Disclaimer of Liability</u>. Defendant has entered into this Agreement solely in order to end the controversies between the Parties, including the Litigation, to avoid the risks and costs of further litigation, to conserve the time that the Litigation would involve, and to obtain a final settlement of all the controversies between and among the Parties. Plaintiff agrees that all sums paid under this Agreement are adequate and sufficient consideration. This is a full, complete, final and binding resolution of all disputed issues between the Parties, including but not limited to, attorneys' fees and costs, regardless of the amount of consideration paid or received. The Parties further agree and acknowledge that the execution of this Agreement, and the performance of the covenants herein, shall not be considered an admission by Defendant of any liability or wrongdoing and that no past or present wrongdoing on the part of Defendant shall be implied. This Agreement may not be used as evidence in any future proceeding, except in any action to enforce any particular provision of this Agreement, or pursuant to Court order.

2. <u>Covenants to Be Performed</u>. Defendant will pay to Plaintiff as consideration under this Agreement the total sum of $11,396.74, to be allocated as follows:

   A. A check in the amount of $2,573.37 made payable to Plaintiff, representing alleged back wages, less applicable taxes and deductions, for which a form W-2 shall issue;

   B. A check in the amount of $2,573.37 made payable to Plaintiff for liquidated damages, from which no deductions shall be made and for which a Form 1099 shall issue; and

2

C. A check in the amount of $6,250.00 made payable to Plaintiff's attorneys, RICHARD CELLER LEGAL, P.A. for attorneys' fees and costs, from which no deductions shall be made and for which a separate Form 1099 shall issue. All Parties and their counsel specifically agree that these attorneys' fees are costs are reasonable.

D. The Parties have agreed that Defendant will make the settlement payment to the Plaintiff via Plaintiff's counsel in four equal installments ("Settlement Payment") over a four-month period of time.

E. Except as outlined in Paragraph 2A of this Agreement, Plaintiff agrees that no other wages or benefits of any kind are due and owing to him by Defendant. Plaintiff represents and acknowledges that the Settlement Amount constitutes more than payment in full for all of his claims under the FLSA, including claims for unpaid overtime and minimum wages, liquidated damages, and attorneys' fees and costs.

F. Plaintiff agrees to dismiss the Litigation with prejudice by filing in the Litigation a Joint Motion for Approval of Settlement Agreement and Dismissal with Prejudice, within three (3) days of his receipt of a fully executed copy of this Agreement. Plaintiff agrees to take any actions necessary to ensure Court approval of this Agreement and dismissal of the Litigation with prejudice.

G. The First Settlement Payment shall be due ten (10) days after the Court enters an Order approving the Agreement and dismissing the Litigation with prejudice.

H. Plaintiff agrees to fully settle and release Plaintiff's claims under the Fair Labor Standards Act at 29 U.S.C. §§ 201, *et seq.*, as set forth in the Complaint, inclusive of attorneys' fees and costs incurred in the Litigation.

I. Plaintiff agrees to be solely responsible for any tax liability determined to result from his receipt of the Settlement Amount described in Paragraph 2A.

4. <u>Severability</u>. If any provision of this Agreement or the application thereof to any Party or circumstances shall be determined to be invalid or unenforceable to any extent, the remainder of this Agreement and the application of such provisions to any other Party or circumstances shall not be affected thereby and shall be enforced to the greatest extent permitted by law.

5. <u>Execution.</u> This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument. Facsimile and electronic copies of the executed Agreement shall have the same force and effect as an original copy.

6. <u>Enforcement</u>. In the event any Party breaches this Agreement, the non-breaching Party shall be entitled to enforce all provisions of this Agreement in court seeking all remedies available to it both in law and equity.

7. <u>Governing Law, Venue, and Attorneys' Fees</u>. This Agreement shall be governed by the laws of the State of Florida. The Parties agree that the appropriate courts sitting in the State of Florida shall have sole and exclusive authority to hear and adjudicate any dispute arising out of or related to this Agreement, and each Party hereby irrevocably consents to the jurisdiction of such courts. The prevailing party in any action to enforce the terms of this Agreement shall be entitled to all attorneys' fees and costs incurred to be paid by the non-prevailing party.

8. <u>Miscellaneous</u>.

A. The Parties acknowledge that each Party has had an equal opportunity to participate in the drafting of this Agreement. No ambiguity shall be construed against any Party based upon a claim that the Party drafted the ambiguous language.

B. The Parties acknowledge and assume the risk that additional or different facts which they believe to exist may now exist or may be discovered after this Agreement has been entered into. The Parties agree that any such additional, different or contrary facts shall in no way limit, waive, affect or alter this Agreement.

C. The Parties acknowledge that they have consulted an attorney prior to signing this Agreement.

D. This Agreement, consisting of five (5) pages, is freely and voluntarily entered into by the Parties. The Parties acknowledge that they have read this Agreement and that they understand the words, terms, conditions and legal significance of this Agreement.

IN WITNESS WHEREOF the Parties have executed, understand, and agree to this Agreement.

_____  
**RODNEY TUMBLESTON**  
Date: _____

*[signature]*  
**J.P. SERVICES OF SARASOTA, LLC.**  
By: Anthony Parodo  
Its: owner  
Date: 7/20/18

5

A. The Parties acknowledge that each Party has had an equal opportunity to participate in the drafting of this Agreement. No ambiguity shall be construed against any Party based upon a claim that the Party drafted the ambiguous language.

B. The Parties acknowledge and assume the risk that additional or different facts which they believe to exist may now exist or may be discovered after this Agreement has been entered into. The Parties agree that any such additional, different or contrary facts shall in no way limit, waive, affect or alter this Agreement.

C. The Parties acknowledge that they have consulted an attorney prior to signing this Agreement.

D. This Agreement, consisting of five (5) pages, is freely and voluntarily entered into by the Parties. The Parties acknowledge that they have read this Agreement and that they understand the words, terms, conditions and legal significance of this Agreement.

IN WITNESS WHEREOF the Parties have executed, understand, and agree to this Agreement.

*Rodney Tumbleston*
**RODNEY TUMBLESTON**
Date: 7-20-18

_____
**J.P. SERVICES OF SARASOTA, LLC.**

By: _____

Its: _____

Date: _____

5